In the Matter of MAGGIE PAUL, INC., Debtor.

A. Jay CRISTOL, etc., Plaintiff,

v.

COORDINATED CARIBBEAN TRANSPORT, INC., etc., Defendant.

Bankruptcy No. 83–01285–BKC–SMW. Adv. No. 85–0193–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

June 28, 1985.

Steven Mishan, Miami, Fla., Trustee.

Boyce F. Ezell, III, Miami, Fla., for trustee.

Robert W. Blanck, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court on May 24, 1985, on a Complaint by the Trustee for recovery for alleged misdelivery of cargo and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

The Defendant, COORDINATED CARIBBEAN TRANSPORT, INC., (CCT), is a foreign corporation doing business as a common carrier of merchandise by water for hire. The Complaint alleged that CCT breached its contract with the debtor, by misdelivering the cargo after it was discharged into the Instituto Nacional de Puertos, (INP), an agency of the Venezuelan government, at Puerto Cabello, Venezuela.

On three separate occasions, the debtor delivered to CCT a total of 81 refrigerated trailers of apples for shipment from Miami, Florida to Puerto Cabello, Venezuela. CCT acknowledged receipt of these trailers and issued appropriate bills of lading.

The aforesaid refrigerated trailers of apples were discharged by CCT into the INP at Puerto Cabello. Under Venezuelan law, the INP is responsible for all operations at the seaport at Puerto Cabello including stevedoring, warehousing, receiving and delivering of cargo. The Court finds that CCT had no further responsibility with regard to the delivery of this cargo once it was discharged into the INP and CCT gave written notice of the cargo's arrival, and accordingly, it was not CCT's responsibility to deliver this cargo to the consignee.

As this is a shipment from the United States to a foreign country, it is governed by the Carriage of Goods by Sea Act, 46 U.S.C. Section 1300 *et seq.* From the point of discharge until proper delivery of the cargo, the terms of the Harter Act, 46 U.S.C. Sections 190–196 control. *F.J. Walker Ltd. v. Motor Vessel "LEMON-CORE",* 561 F.2d 1138 (5th Cir.1977).

■ In the most general terms, proper delivery requires discharge of the cargo upon a fit and customary wharf. *F.J. Walker Ltd. v. Motor Vessel "LEMON-CORE", supra.; Isthmian Steamship Co. v. California Spray Chemicals Corp.,* 300 F.2d 41 (9th Cir.1961). To determine whether proper delivery to a fit and customary wharf has occurred, no rule is better settled than delivery must be according to the custom and usage of the port. *Constable v. National SS Company,* 154 U.S. 51, 14 S.Ct. 1062, 38 L.Ed. 903 (1894); *Tan Hi v. United States,* 94 F.Supp. 432 (N.D. Cal.1950). This Court finds that CCT discharged these trailers into the care, custody and control of the INP at Puerto Cabello, who are the persons charged by Venezuelan law and usage of the port with the sole duty to receive cargo and distribute it to the Consignees. *Allstate Insurance Co. v. Imparca Lines,* 646 F.2d 166 (5th Cir. 1981). This delivery of the cargo into the INP constitutes proper delivery of the cargo by CCT under the Harter Act, 46 U.S.C. §§ 190–196; *All Commodities Suppliers Co. v. M/V "Acritas"* 702 F.2d 1260, 1252 (5th Cir.1983).

The Court finds that the Defendant delivered the Debtor's cargo in conformity with its bills of lading and the Harter Act, 46 U.S.C. §§ 190–196. Accordingly, the De-

fendant CCT is entitled to a judgment dismissing the Complaint, together with its costs to be hereinafter taxed by the Court upon proper application being made.

A Final Judgment will be entered herein.